## THOMAS W. EVANS and others, Respondents, *v.* GEORGE W. WARNER, Appellant.

*When the threat of a debtor that he will make a preferential assignment, furnishes no ground for the issue of an attachment.*

Appeal from an order denying a motion to vacate an attachment. The action was brought to recover goods sold to the defendant by the plaintiffs between September 17, 1879, and October 29, 1879. The affidavit upon which the attachment was granted,

stated, among other things, " That in the month of September, 1879, at the time defendant applied to deponent's firm to sell him goods on credit, he represented to deponent's said firm, that he was perfectly solvent, and able to pay all his debts in full, and that he had at said time a surplus capital in his business of from seven to eight thousand dollars, and was doing a good paying business. That on March 26, 1880, one Charles L. Seaver called upon deponent, and stated to deponent that he represented the defendant, and was sent by the said defendant to see the deponent's firm in regard to the claim held by deponent's firm against said defendant, and thereupon the said Seaver stated to deponent that the said defendant desired him, the said Seaver, to effect a compromise with deponent's firm, of the claim out of which this action arises; and then and there submitted an offer in behalf of defendant, of thirty cents on the dollar. That deponent refused said offer, stating that said defendant had, in September, made a statement to his said firm, which statement, if true when made, would show that defendant was not compelled to compromise his debts, but was abundantly able to pay them in full. That said Seaver thereupon stated that unless deponent's firm would accept said offer of compromise, that he would immediately notify the defendant of such refusal; and that the defendant would thereupon at once make an assignment of all his property, the result of which would be that deponent's firm would not even obtain the amount of compromise offered, for the reason that defendant owed about $4,000 for borrowed money, which defendant would protect. Deponent therefore charges that defendant is about to assign and dispose of his property, with intent to defraud the plaintiffs herein, and his other creditors."

The court at General Term said : " It is impossible to uphold this attachment. There is not a particle of evidence that the person who made the statements upon which the charge of fraud is predicated, was connected with the defendant or authorized to speak for him. The statements, therefore, were mere hearsay. But further, such statements were intrinsically innocent. The defendant had a legal right to make a preferential assignment. There was no threat to make a fraudulent assignment, nor, consequently, to cheat and defraud. The statement was simply an opinion as to

the natural and probable consequence of a legitimate act, put forward to induce the plaintiffs to accept a compromise."

*Bartlett & Bartlett,* for the appellant.

*Jno. J. Adams,* for the respondents.

Opinion by BARRETT, J.; DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Order reversed, with $10 costs, and disbursements. Motion to vacate attachment granted.